IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:15-cr-00023-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| GREYSON SCOTT LINDENFELSER, | |
| Defendant. | |

_____

MCSHANE, Judge:

Defendant Greyson Scott Lindenfelser moves this Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Def.'s Mot. Reduce Sent. 1, ECF No. 61 ("Def.'s Mot."). Because Mr. Lindenfelser fails to demonstrate extraordinary and compelling reasons justifying his release, his Motion is **DENIED**.

## BACKGROUND

In January of 2017, Mr. Lindenfelser pled guilty to a four-count federal indictment involving drug trafficking and firearm possession. As part of his plea agreement with the government, he stipulated to a 240-month sentence.

In March of 2017, this Court sentenced Mr. Lindenfelser to 240 months of imprisonment to run concurrently with his Douglas County Circuit Court sentence. Am. Crim. J. 2. The Court awarded Mr. Lindenfelser 30 months of credit for time spent in state custody. *Id*. Constructively, he received a sentence of 210 months, which is within the advisory guideline range. Statement of Reasons 1, ECF No. 54.

Opinion & Order 1

On October 27, 2025, Mr. Lindenfelser moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes his Motion. Resp. Def.'s Mot. Reduce Sent. 1, ECF No. 65 ("Gov.'s Resp.").

## **LEGAL STANDARD**

A criminal sentence, once imposed, "may be altered 'only in very limited circumstances.'" *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025) (quoting *Pepper v. United States*, 562 U.S. 476, 501–02 n.14 (2011)); *see also* 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) provides a narrow exception to the general finality of criminal judgments and authorizes courts to grant a prisoner compassionate release under certain conditions. *See*, *e.g.*, *Freeman v. United States*, 564 U.S. 522, 526–27 (2011) (identifying the few "narrow exceptions" to the rule of finality in sentencing); *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (recognizing compassionate release as an exception to the rule that courts may not modify terms of imprisonment once imposed).

Defendants may petition federal courts for compassionate release once they have exhausted all administrative remedies. *E.g.*, *United States v. Chen*, 48 F.4th 1092, 1094–95 (9th Cir. 2022).

To grant compassionate release, a court must find that: (1) "extraordinary and compelling reasons" justify a sentence reduction; (2) the reduction is consistent with the Sentencing Commission's applicable policy statements; and (3) the factors set forth in 18 U.S.C. § 3553(a) warrant the reduction. *E.g.*, *Bryant*, 144 F.4th at 1123. "[T]he court's disposition of a compassionate release motion 'is discretionary, not mandatory.'" *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (quoting *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020)). A court may deny the defendant's motion without assessing all three requirements if he fails to satisfy any one of them. *Keller*, 2 F.4th at 1284.

**DISCUSSION**

**I. Mr. Lindenfelser fails to show that extraordinary and compelling reasons justify compassionate release**

The Government concedes that Mr. Lindenfelser has exhausted his administrative remedies. Gov.'s Resp. 3. Mr. Lindenfelser's Motion fails on the merits because he has not established that "extraordinary and compelling reasons warrant" a reduction in his term of imprisonment. 18 U.S.C. § 3582(c)(1)(A)(i).

**A. Mr. Lindenfelser's "youthfulness" does not constitute an extraordinary and compelling reason to reduce his sentence**

Mr. Lindenfelser contends that his "youthfulness" when he committed the relevant federal crimes prevented him from "fully appreciating the consequences of his actions." Def.'s Mot. 6–7. He asks this Court to consider his youth—his biological age—at the time of the offenses along with other factors to justify compassionate release.[1] Def.'s Reply 3, ECF No. 66.

"A defendant's youth at the time of his offense is not 'extraordinary and compelling' under § 1B1.13." *Bryant*, 144 F.4th at 1131 (explaining that courts can consider youth in evaluating the § 3553(a) factors at step three, but not in an "extraordinary and compelling" analysis). "[Y]outh is not an extraordinary and compelling reason at step one, which focuses instead on developments that occur after a defendant has been sentenced." *Id.* at 1127. Undoubtedly, Mr. Lindenfelser's youth on its own does not fit "within § 1B1.13's binding framework." *Id.*

Mr. Lindenfelser posits that his youth in combination with his adverse childhood experiences warrants a sentence reduction. Def.'s Mot. 15. But "the focus of compassionate release

---

[1] Congress instructed the U.S. Sentencing Commission to define "extraordinary and compelling reasons" that would justify a sentence reduction at step one of a compassionate release analysis. *Bryant*, 144 F.4th at 1123. This Court views U.S.S.G. § 1B1.13, amended on November 1, 2025, as an applicable policy statement for defendant-filed motions for compassionate release. *See* U.S.S.G. § 1B1.13 ("Upon motion of the Director of the Bureau of Prisons *or the defendant* . . . , the court may reduce a term of imprisonment . . . .") (emphasis added). If a defendant cannot show "extraordinary and compelling reasons" as listed in § 1B1.13, "then he is ineligible for compassionate release." *Bryant*, 144 F.4th at 1124.

proceedings is not on what sentence is most appropriate given the defendant's background and crime . . . ." *Bryant*, 144 F.4th at 1128. Rather, this Court considers "whether new circumstances warrant discretionary relief." *Id.* Like youth, Mr. Lindenfelser's childhood trauma, as he puts it, is more appropriately considered among § 3553(a)'s sentencing factors at step three.[2]

Mr. Lindenfelser also argues that his "Emotional Brain Age" at the time he committed the relevant offenses falls under § 1B1.13(b)(5)'s "catch-all" provision. Def.'s Reply 5. However, § 1B1.13(b)(5) "addresses situations where continued incarceration risks a defendant's health or safety . . . ." *Bryant*, 144 F.4th at 1126. This Court holds that "Emotional Brain Age" is not "similar in gravity" to the reasons listed in §§ 1B1.13(b)(1)–(4). U.S.S.G. § 1B1.13(b)(5).

### B. Mr. Lindenfelser does not establish that his sentence is unusually long under § 1B1.13(b)(6)

Mr. Lindenfelser asserts that his sentence is "unusually long." Def.'s Mot. 16. He argues that an intervening change in law has produced "a gross disparity between the sentence that [he] is serving" and the sentence that he would likely receive today.[3] *Id.*

A defendant must satisfy all the requirements specified in § 1B1.13(b)(6) for a court to consider an intervening change in law in its "extraordinary and compelling" analysis. U.S.S.G. § 1B1.13(b)(6). *See, e.g., United States v. Crawley*, 140 F.4th 165, 173 (4th Cir. 2025) (holding that consideration of the § 1B1.13(b)(6) factor is not available to defendant because he has not spent 10 years in prison); *United States v. Roueche*, No. CR07-344RSL, 2024 WL 4665568, at *6 (W.D. Wash. Nov. 4, 2024) (finding that defendant did not demonstrate an extraordinary and

---

[2] Section 3553(a)(1) requires courts to consider "the nature and circumstances of the offense and the *history and characteristics of the defendant* . . . ." 18 U.S.C. § 3553(a)(1) (emphasis added).

[3] Under the sentencing guidelines, "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6).

Opinion & Order 4

compelling reason under § 1B1.13(b)(6) because he failed to show that his sentence is unusually long and that there has been a qualifying change in law). Mr. Lindenfelser fails to show: (1) that he has received an unusually long sentence; (2) that he has served at least 10 years of the term of imprisonment; and (3) that there has been a change in law that would produce a "gross disparity" between the sentence he is serving and the one he would likely receive now. U.S.S.G. § 1B1.13(b)(6).

Mr. Lindenfelser avers that a "sentence of 240 months is unusually long." Def.'s Mot. 16. He references a general statistic from the U.S. Sentencing Commission about average terms of imprisonment, but does not illustrate how his constructive 210-month sentence is "unusually long" within the meaning of § 1B1.13(6). Mr. Lindenfelser's sentence falls within the advisory guideline range for his criminal history category. Statement of Reasons 1. *See Rita v. United States*, 551 U.S. 338, 346–47 (2007) (holding that a sentence reflecting the advisory guideline range is presumptively reasonable).

Mr. Lindenfelser also asks this Court to find that *Dean v. United States*, 581 U.S. 62 (2017), announced a change in law producing a gross disparity between his sentence and the one he would receive now. Def.'s Mot. 16. But in *Dean* the Court held that nothing in § 924(c) prevents a district court from considering mandatory minimums when levying a discretionary sentence for a predicate offense. 581 U.S. at 71. Contrary to what Mr. Lindenfelser implies, *Dean* does not *require* district courts to impose a one-day discretionary sentence atop mandatory minimums. Instead, the Court corrected an erroneous interpretation of sentencing law in which the district court believed it lacked discretion to consider mandatory minimums when calculating each individual sentence. 581 U.S. at 67–69 (concluding that § 3553(a) permits a court imposing a sentence on one count to

"consider sentences imposed on other counts"). The Court finds that *Dean* is not a qualifying change in law under § 1B1.13(6).

Finally, the parties disagree about whether Mr. Lindenfelser has served 10 years of the term of imprisonment. *See* U.S.S.G. § 1B1.13(6). Mr. Lindenfelser argues that he has been serving over 10 years if the Court considers the overall time served since his initial arrest. Def.'s Mot. 17. The Government counters that Mr. Lindenfelser impermissibly includes time served for a different crime in his calculations. Gov.'s Resp. 8. The Court gives § 1B1.13(6) its ordinary meaning and concludes that Mr. Lindenfelser has not served the requisite 10 years of the term of imprisonment. *Crawley*, 140 F.4th at 172–73 (finding that defendant did not satisfy § 1B1.13(6)'s 10-year requirement by adding good-time credits to the nine years he had served). Mr. Lindenfelser must serve 10 years of his term of imprisonment, for which he was sentenced on March 13, 2017, before invoking § 1B1.13(6). *See United States v. Hodge*, No. 5:10-cr-00320-EJD-1, 2025 WL 2199203, at *2 (N.D. Cal. Aug. 1, 2025) (interpreting § 1B1.13(6) to mean that a defendant must serve 10 years of the federal sentence imposed "in the particular proceeding before the Court.").

Extraordinary and compelling reasons do not exist that would justify compassionate release for Mr. Lindenfelser. The Court does not analyze whether a sentence reduction accords with the Sentencing Commission's applicable policy statements or whether the § 3553(a) factors warrant such a reduction. *Keller*, 2 F.4th at 1284.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

## **CONCLUSION**

The Court appreciates that Mr. Lindenfelser has taken rehabilitation seriously and acknowledges how a person's childhood can inhibit his judgment and complicate his decision-making. But since Mr. Lindenfelser's circumstances do not meet § 1B1.13's definition of "extraordinary and compelling," his Motion for Reduction in Sentence, ECF No. 61, is **DENIED**.

IT IS SO ORDERED.

DATED this 9th day of January 2026.

s/ Michael J. McShane
Hon. Michael J. McShane
United States District Judge
